3007888-TAF

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ILLINOIS BELL TELEPHONE CO., d/b/a AT&T ILLINOIS, an Illinois Corporation, | ) ) ) ) | FILED: AUGUST 26, 2008 08CV4884 JUDGE LEFKOW MAGISTRATE JUDGE NOLAN |
| Plaintiff, | ) ) | |
| vs. | ) ) | AO |
| HENKELS & MCCOY, INC., | ) ) ) | |
| Defendant. | ) | |

### NOTICE OF REMOVAL OF CIVIL ACTION

Pursuant to 28 U.S.C. Sec. 1331, 1332(a)(1), 1441(a) and (b), and 1446, Defendant HENKELS & MCCOY, INC., hereby removes the subject action from the Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division, on the following grounds:

1. Defendant HENKELS & MCCOY, INC. was made the lone Defendant in an action filed on July 18, 2008, in the Twelfth Judicial Circuit, Will County, Illinois, styled *Illinois Bell Telephone Company d/b/a AT&T Illinois v. Henkels & McCoy, Inc.*, Ca.No. 08 L 594.

2. Plaintiff Illinois Bell Telephone Co., an Illinois corporation, first mailed a copy of its Complaint to Defendant's Texas office, received on August 7, 2008. Plaintiff thereafter served the Summons and Complaint on

Defendant's registered agent on August 12, 2008.  This notice of removal is thus timely pursuant to 28 U.S.C. §1446(b).

3.  True and complete copies of all the process and pleadings served on HENKELS & MCCOY, INC. in this action are attached as an Exhibit hereto and no further proceedings have been had.

4.  This court has original jurisdiction over this matter pursuant to 28 U.S.C. §§1331 and 1332(a)(1).

5.  HENKELS & MCCOY, from the time before the complaint was filed continuously through the present, was and is incorporated in Pennsylvania. Its principal place of business is located in Blue Bell, Pennsylvania.  See attached affidavit of  Christine Crawford, Secretary and General Counsel.

6.  Plaintiff seeks recovery in excess of $75,000, as set forth in its complaint as follows:  Count I = $62,201.16; Count II = $20,831.50; Count III = $25,438.52; Count IV = $16,277.96; Count V = $106,662.62.

7.  The parties are citizens of different states and the amount in controversy exceeds $75,000, thereby establishing original jurisdiction pursuant to 28 U. S. C. §1332(a)(1).

8.  This action arises from claimed utility strikes during excavation and/or underground boring operations.  Plaintiff alleges HENKELS & MCCOY violated state statute, 220 ILCS 50/1, *et seq.*, and federal OSHA, 29 C.F.R. 1926.651(b), thereby raising federal question jurisdiction by its pleading, pursuant to 28 U.S.C. §1331.

WHEREFORE, Defendant files this notice to remove the action, now pending in the

Circuit Court of Will County, Illinois, Case No. 08 L 594 from that court to this Court.

Respectfully submitted,

HENKELS & MCCOY, INC.


By:  s/Terry A. Fox
            One of Its Attorneys

Terry A. Fox, Esq. (ARDC #6208039)
SmithAmundsen LLC
150 N. Michigan Avenue, Suite 3300
Chicago, IL 60601
Phone: (312) 894-3200
FAX:   (312) 894-3210
tfox@salawus.com

3007888-TAF

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| ILLINOIS BELL TELEPHONE CO., <br> d/b/a AT&T ILLINOIS, an Illinois <br> Corporation, | ) <br> ) <br> ) <br> ) | 08CV4884 <br> JUDGE LEFKOW <br> MAGISTRATE JUDGE NOLAN |
| Plaintiff, | ) <br> ) |  |
| vs. | ) <br> ) |  |
| HENKELS & MCCOY, INC., | ) <br> ) |  |
| Defendant. | ) |  |

### DECLARATION OF CORPORATE CITIZENSHIP

I,  Dorothy J. Clark , being first duly sworn, do on penalty of perjury depose and state the following based on my personal knowledge:

1.)   I am Assistant Secretary to Henkels & McCoy, Inc.

2.)   I have served in that capacity for more than five years.

3.)   My duties and responsibilities include corporate matters, in addition to claims and litigation.

4.)   Henkels & McCoy, Inc. was incorporated in Pennsylvania on September 26, 1958. It has from that time remained active and in good standing through the present.

5.)   Henkels & McCoy, Inc., presently has its worldwide corporate headquarters at 985 Jolly Road in Blue Bell, Pennsylvania. That is the principal place of business of Henkels & McCoy, Inc. and has been so continuously for a period exceeding five years.

Signed this the 26th day of August, 2008

Dorothy J. Clark
Henkels & McCoy, Inc.
985 Jolly Road
Blue Bell, Pennsylvania 19422-0900



EXHIBIT
1

JUDGE LEFKOW
MAGISTRATE JUDGE NOLAN

STATE OF ILLINOIS )
              ) SS
COUNTY OF WILL )

**IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT**
**WILL COUNTY, ILLINOIS**

Illinois Bell Telephone Company d/b/a AT&T

                                                                  **08L 594**

        vs                                CASE NO:_____

Henkels & McCoy, Inc.

**SUMMONS**

To each defendant: _Henkels & McCoy, Inc. C/O Illinois Corporation Services, 801 Adlai Stevenson Drive, Springfield, IL 62703_

You are summoned and required to file an answer in this case, or otherwise file your appearance in the Office of the Clerk of this Court _Will Canty Courthouse Annex_ Building, Room _213_, _501 N. Ottawa, Joliet, IL_, Illinois within 30 days after service

(Address)      (City)                             of this summons, not

counting the day of service. **IF YOU FAIL TO DO SO, A JUDGEMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.**

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, summons shall be returned to endorsed.

This summons may not be served later than 30 days after its date.

                                 WITNESS:___**JUL 1 8 2008**___, 20___

                                  **PAMELA J. McGUIRE**

(Seal of Court)

                                    PAMELA J. McGUIRE
                                    Clerk of the Circuit Court

                      BY:_____
                                     (Deputy)

(Plaintiff's Attorney or Plaintiff if he is not represented by an Attorney)
NAME: Quentin Burrows
ARDC# 6242618
Attorney for: Plaintiff
Address: 2364 Plainfield Road, Suite D
City: Crest Hill, Illinois 60403
Telephone: (815) 744-5050

RECEIVED
AUG 13 2008
LEGAL DEPARTMENT

**EXHIBIT**
**2**

IN THE CIRCUIT COURT OF TWELFTH JUDICIAL DISTRICT
WILL COUNTY, ILLINOIS

ILLINOIS BELL TELEPHONE COMPANY )
d/b/a AT&T ILLINOIS, an Illinois )
corporation, )
                          Plaintiff, )
                                )
v. )
                                )
HENKELS & McCOY, INC. )
                                )
                    Defendant. )

08L 594

Amount Claimed $231,411.76

## COMPLAINT

**NOW COMES** the Plaintiff, Illinois Bell Telephone Company d/b/a AT&T Illinois

(hereinafter referred to as "AT&T"), by and through its attorneys, Burrows Law Offices, P.C and

for its Complaint against Henkels & McCoy, Inc. states as follows:

### COUNT I - Damage Prevention Act

1.      AT&T is now, and at all time hereinafter referred to was, a telecommunications

carrier as defined in Illinois Complied Statutes, 220 ILCS 5/13-202 (2000), duly organized and

existing under the laws of the State of Illinois and doing business in Will County and elsewhere in

the State of Illinois.

2.      The Defendant is a Pennsylvania corporation doing business in Will County, Illinois

and in other surrounding counties.

3.      AT&T owned underground telephone cables and conduit at or near The Northwest

Corner of Route 30 and Route 126, Plainfield, Illinois (hereinafter referred to as "Location I").

4.      On or about October 17, 2006, Plaintiff discovered that the Defendant caused certain



RECEIVED
AUG 13 2008
LEGAL DEPARTMENT

-1-

Initial case management set for
11/5/08 at: 9 (am) pm
Will County Court Annex

excavation and other related activities to be done at Location I.

5.    At all relevant times, there was a statute in full force and effect commonly known as the Illinois Underground Utility Facilities Damage Prevention Act. 220 ILCS 50/1 *et seq.* (2000).

6.    At all times relevant hereto, it was the duty of the Defendant to use ordinary care for the safety of AT&T's property and to comply with all relevant statutes.

7.    Notwithstanding the aforesaid duties, the Defendant individually, or through authorized employees or agents acting within the scope of their employment, or through the hiring of contractors, were guilty of one or more of the following acts or omissions:

(a)    failing to inform itself of the location of AT&T's underground facilities in and near the area of excavation or demolition, in violation of 220 ILCS 50/4(a);

(b)    failing to plan the excavation or demolition to avoid or minimize interference with AT&T's underground facilities in and near the construction area, in violation of 220 ILCS 50/4(b);

(c)    failing to provide notice not more than 14 days nor less than 48 hours in advance of the start of the excavation or demolition to AT&T as owner of the underground facilities, in violation of 220 ILCS 50/4(c);

(d)    failing to provide, during and following excavation or demolition such support for AT&T's existing underground facilities in and near the excavation or demolition areas as might have been reasonably necessary for the protection of such facilities, in violation of 220 ILCS 50/4(d);

(e)    failing to backfill all excavation in such a manner and with such materials as may have been reasonably necessary for the protection of AT&T's existing underground facilities in and near the excavation or demolition area, in violation of 220 ILCS 50/4(e);

(f)    carelessly and negligently failing to ascertain from available records and information the location of AT&T's underground facilities;

(g)    carelessly and negligently ignoring the probability that underground facilities would be damaged by the excavation or demolition when Defendants knew

or, in the exercise of reasonable care, should have known that there were underground facilities in the vicinity;

(h)    carelessly and negligently failing to keep Defendants excavating and earth moving equipment under control so as to avoid striking AT&T's underground facilities;

(i)    carelessly and negligently failing to keep a proper lookout while operating excavating equipment so as to avoid striking AT&T's underground facilities;

(j)    carelessly and negligently failing to request AT&T to mark the location of its underground facilities even though AT&T was at all times ready and willing to do so;

(k)    carelessly and negligently disregarding markings and/or other above ground indications of the location of AT&T's underground facilities;

(l)    carelessly and negligently failing to supervise and control Defendants employees or contractors so as to avoid striking AT&T's underground facilities;

(m)    carelessly and negligently failing to provide any support for AT&T's underground facilities after they were uncovered;

(n)    violating the provisions of the Occupational Safety and Health Act regulations applicable to construction, 29 C.F.R. 1926.651(b), which provides:

Underground installations. (1) The estimated location of utility installations, such as sewer, telephone, fuel, electric, water lines, or any other underground installations that reasonably may be expected to be encountered during excavation work, shall be determined prior to opening an excavation. (2) Utility companies or owners shall be contacted within established or customary local response times, advised of the proposed work, and asked to establish the location of the utility underground installations prior to the start of actual excavation. When utility companies or owners cannot respond to a request to locate underground utility installations within 24 hours (unless a longer period is required by state or local law), or cannot establish the location of these installations, the employer may proceed, provided the employer does so with caution, and provided detection equipment or other acceptable means to locate utility installations are used. (3) When excavation operations approach the estimated location of underground installations, the exact location of the installations shall be determined by safe and acceptable

means. (4) While the excavation is open, underground installations shall be protected, supported or removed as necessary to safeguard employees.

(o)    being otherwise careless and negligent.

8.    As a direct and proximate result of one or more of the acts or omissions alleged in Paragraph 7 (a) through (o), Defendant damaged AT&T's underground facilities.

9.    Defendant was *prima facie* negligent to the extent that some or all of its acts or omissions violated the Illinois Underground Utility Facility Damage Prevention Act, 220 ILCS 50/1 *et seq.*

10.    AT&T was required to repair and did repair the damaged underground facilities in order to restore them to a useable condition.

11.    AT&T was damaged in the amount of $62,201.16.

12.    Despite demand, Defendant has failed to pay the amount of $62,201.16 for damaging AT&T's underground facilities.

**WHEREFORE,** Plaintiff, Illinois Bell Telephone Company, d/b/a AT&T Illinois prays for judgment in its favor and against the Defendant Henkels & McCoy, Inc. in the sum of Sixty-Two Thousand, Two Hundred One Dollars and Sixteen Cents,($62,201.16) plus the costs of this suit, and for such other and further relief as the Court deems necessary and just.

### COUNT II - Damage Prevention Act

13.    AT&T is now, and at all time hereinafter referred to was, a telecommunications carrier as defined in Illinois Complied Statutes, 220 ILCS 5/13-202 (2000), duly organized and existing under the laws of the State of Illinois and doing business in Will County and elsewhere in the State of Illinois.

14.    The Defendant is a Pennsylvania corporation doing business in Will County, Illinois and in other surrounding counties.

15.    AT&T owned underground telephone cables and conduit at or near Route 53 and Mississippi Avenue, Elwood, Illinois (hereinafter referred to as "Location II").

16.    On or about July 21, 2006, Plaintiff discovered that the Defendant caused certain excavation and other related activities to be done at Location II.

17.    At all relevant times, there was a statute in full force and effect commonly known as the Illinois Underground Utility Facilities Damage Prevention Act. 220 ILCS 50/1 *et seq.* (2000).

18.    At all times relevant hereto, it was the duty of the Defendant to use ordinary care for the safety of AT&T's property and to comply with all relevant statutes.

19.    Notwithstanding the aforesaid duties, the Defendant individually, or through authorized employees or agents acting within the scope of their employment, or through the hiring of contractors, were guilty of one or more of the following acts or omissions:

(a)    failing to inform itself of the location of AT&T's underground facilities in and near the area of excavation or demolition, in violation of 220 ILCS 50/4(a);

(b)    failing to plan the excavation or demolition to avoid or minimize interference with AT&T's underground facilities in and near the construction area, in violation of 220 ILCS 50/4(b);

(c)    failing to provide notice not more than 14 days nor less than 48 hours in advance of the start of the excavation or demolition to AT&T as owner of the underground facilities, in violation of 220 ILCS 50/4 (c);

(d)    failing to provide, during and following excavation or demolition such support for AT&T's existing underground facilities in and near the excavation or demolition areas as might have been reasonably necessary for the protection of such facilities, in violation of 220 ILCS 50/4(d);

-5-

(e)    failing to backfill all excavation in such a manner and with such materials as may have been reasonably necessary for the protection of AT&T's existing underground facilities in and near the excavation or demolition area, in violation of 220 ILCS 50/4(e);

(f)    carelessly and negligently failing to ascertain from available records and information the location of AT&T's underground facilities;

(g)    carelessly and negligently ignoring the probability that underground facilities would be damaged by the excavation or demolition when Defendants knew or, in the exercise of reasonable care, should have known that there were underground facilities in the vicinity;

(h)    carelessly and negligently failing to keep Defendants excavating and earth moving equipment under control so as to avoid striking AT&T's underground facilities;

(i)    carelessly and negligently failing to keep a proper lookout while operating excavating equipment so as to avoid striking AT&T's underground facilities;

(j)    carelessly and negligently failing to request AT&T to mark the location of its underground facilities even though AT&T was at all times ready and willing to do so;

(k)    carelessly and negligently disregarding markings and/or other above ground indications of the location of AT&T's underground facilities;

(l)    carelessly and negligently failing to supervise and control Defendants employees or contractors so as to avoid striking AT&T's underground facilities;

(m)    carelessly and negligently failing to provide any support for AT&T's underground facilities after they were uncovered;

(n)    violating the provisions of the Occupational Safety and Health Act regulations applicable to construction, 29 C.F.R. 1926.651(b), which provides:

Underground installations. (1) The estimated location of utility installations, such as sewer, telephone, fuel, electric, water lines, or any other underground installations that reasonably may be expected to be encountered during excavation work, shall be determined prior to opening an excavation. (2) Utility companies or owners shall be contacted within established or customary local response times, advised of the proposed work, and asked to

-6-

establish the location of the utility underground installations prior to the start of actual excavation. When utility companies or owners cannot respond to a request to locate underground utility installations within 24 hours (unless a longer period is required by state or local law), or cannot establish the exact location of these installations, the employer may proceed, provided the employer does so with caution, and provided detection equipment or other acceptable means to locate utility installations are used. (3) When excavation operations approach the estimated location of underground installations, the exact location of the installations shall be determined by safe and acceptable means. (4) While the excavation is open, underground installations shall be protected, supported or removed as necessary to safeguard employees.

(o)    being otherwise careless and negligent.

20.    As a direct and proximate result of one or more of the acts or omissions alleged in Paragraph 19 (a) through (o), Defendant damaged AT&T's underground facilities.

21.    Defendant was *prima facie* negligent to the extent that some or all of its acts or omissions violated the Illinois Underground Utility Facility Damage Prevention Act, 220 ILCS 50/1 *et seq.*

22.    AT&T was required to repair and did repair the damaged underground facilities in order to restore them to a useable condition.

23.    AT&T was damaged in the amount of $20,831.50.

24.    Despite demand, Defendant has failed to pay the amount of $20,831.50 for damaging AT&T's underground facilities.

**WHEREFORE,** Plaintiff, Illinois Bell Telephone Company, d/b/a AT&T Illinois prays for judgment in its favor and against the Defendant Henkels & McCoy, Inc. in the sum of Twenty Thousand, Eight Hundred Thirty-One Dollars and Fifty Cents ($20,831.50) plus the costs of this suit, and for such other and further relief as the Court deems necessary and just.

**COUNT III - Damage Prevention Act**

25.     AT&T is now, and at all time hereinafter referred to was, a telecommunications carrier as defined in Illinois Complied Statutes, 220 ILCS 5/13-202 (2000), duly organized and existing under the laws of the State of Illinois and doing business in Will County and elsewhere in the State of Illinois.

26.     The Defendant is a Pennsylvania corporation doing business in Will County, Illinois and in other surrounding counties.

27.     AT&T owned underground telephone cables and conduit at or near 1850 Route 53, Joliet, Illinois (hereinafter referred to as "Location III").

28.     On or about December 12, 2006, Plaintiff discovered that the Defendant caused certain excavation and other related activities to be done at Location III.

29.     At all relevant times, there was a statute in full force and effect commonly known as the Illinois Underground Utility Facilities Damage Prevention Act. 220 ILCS 50/1 *et seq.* (2000).

30.     At all times relevant hereto, it was the duty of the Defendant to use ordinary care for the safety of AT&T's property and to comply with all relevant statutes.

31.     Notwithstanding the aforesaid duties, the Defendant individually, or through authorized employees or agents acting within the scope of their employment, or through the hiring of contractors, were guilty of one or more of the following acts or omissions:

       (a)     failing to inform itself of the location of AT&T's underground facilities in and near the area of excavation or demolition, in violation of 220 ILCS 50/4(a);

       (b)     failing to plan the excavation or demolition to avoid or minimize interference with AT&T's underground facilities in and near the construction area, in violation of 220 ILCS 50/4(b);

-8-

(c) failing to provide notice not more than 14 days nor less than 48 hours in advance of the start of the excavation or demolition to AT&T as owner of the underground facilities, in violation of 220 ILCS 50/4 (c);

(d) failing to provide, during and following excavation or demolition such support for AT&T's existing underground facilities in and near the excavation or demolition areas as might have been reasonably necessary for the protection of such facilities, in violation of 220 ILCS 50/4(d);

(e) failing to backfill all excavation in such a manner and with such materials as may have been reasonably necessary for the protection of AT&T's existing underground facilities in and near the excavation or demolition area, in violation of 220 ILCS 50/4(e);

(f) carelessly and negligently failing to ascertain from available records and information the location of AT&T's underground facilities;

(g) carelessly and negligently ignoring the probability that underground facilities would be damaged by the excavation or demolition when Defendants knew or, in the exercise of reasonable care, should have known that there were underground facilities in the vicinity;

(h) carelessly and negligently failing to keep Defendants excavating and earth moving equipment under control so as to avoid striking AT&T's underground facilities;

(i) carelessly and negligently failing to keep a proper lookout while operating excavating equipment so as to avoid striking AT&T's underground facilities;

(j) carelessly and negligently failing to request AT&T to mark the location of its underground facilities even though AT&T was at all times ready and willing to do so;

(k) carelessly and negligently disregarding markings and/or other above ground indications of the location of AT&T's underground facilities;

(l) carelessly and negligently failing to supervise and control Defendants employees or contractors so as to avoid striking AT&T's underground facilities;

(m) carelessly and negligently failing to provide any support for AT&T's underground facilities after they were uncovered;

(n)    violating the provisions of the Occupational Safety and Health Act regulations applicable to construction, 29 C.F.R. 1926.651(b), which provides:

Underground installations. (1) The estimated location of utility installations, such as sewer, telephone, fuel, electric, water lines, or any other underground installations that reasonably may be expected to be encountered during excavation work, shall be determined prior to opening an excavation. (2) Utility companies or owners shall be contacted within established or customary local response times, advised of the proposed work, and asked to establish the location of the utility underground installations prior to the start of actual excavation. When utility companies or owners cannot respond to a request to locate underground utility installations within 24 hours (unless a longer period is required by state or local law), or cannot establish the exact location of these installations, the employer may proceed, provided the employer does so with caution, and provided detection equipment or other acceptable means to locate utility installations are used. (3) When excavation operations approach the estimated location of underground installations, the exact location of the installations shall be determined by safe and acceptable means. (4) While the excavation is open, underground installations shall be protected, supported or removed as necessary to safeguard employees.

(o)    being otherwise careless and negligent.

32.    As a direct and proximate result of one or more of the acts or omissions alleged in Paragraph 31 (a) through (o), Defendant damaged AT&T's underground facilities.

33.    Defendant was *prima facie* negligent to the extent that some or all of its acts or omissions violated the Illinois Underground Utility Facility Damage Prevention Act, 220 ILCS 50/1 *et seq.*

34.    AT&T was required to repair and did repair the damaged underground facilities in order to restore them to a useable condition.

35.    AT&T was damaged in the amount of $25,438.52.

36.    Despite demand, Defendant has failed to pay the amount of $25,438.52 for damaging AT&T's underground facilities.

-10-

WHEREFORE, Plaintiff, Illinois Bell Telephone Company, d/b/a AT&T Illinois prays for judgment in its favor and against the Defendant Henkels & McCoy, Inc. in the sum of Twenty-Five Thousand, Four Hundred Thirty-Eight Dollars and Fifty-Two Cents ($25,438.52) plus the costs of this suit, and for such other and further relief as the Court deems necessary and just.

## COUNT IV - Damage Prevention Act

37.    AT&T is now, and at all time hereinafter referred to was, a telecommunications carrier as defined in Illinois Complied Statutes, 220 ILCS 5/13-202 (2000), duly organized and existing under the laws of the State of Illinois and doing business in Will County and elsewhere in the State of Illinois.

38.    The Defendant is a Pennsylvania corporation doing business in Will County, Illinois and in other surrounding counties.

39.    AT&T owned underground telephone cables and conduit at or near 400 Medical Drive, Bolingbrook, Illinois (hereinafter referred to as "Location IV").

40.    On or about February 26, 2007, Plaintiff discovered that the Defendant caused certain excavation and other related activities to be done at Location IV.

41.    At all relevant times, there was a statute in full force and effect commonly known as the Illinois Underground Utility Facilities Damage Prevention Act. 220 ILCS 50/1 *et seq.* (2000).

42.    At all times relevant hereto, it was the duty of the Defendant to use ordinary care for the safety of AT&T's property and to comply with all relevant statutes.

43.    Notwithstanding the aforesaid duties, the Defendant individually, or through authorized employees or agents acting within the scope of their employment, or through the hiring of contractors, were guilty of one or more of the following acts or omissions:

-11-

(a)    failing to inform itself of the location of AT&T's underground facilities in and near the area of excavation or demolition, in violation of 220 ILCS 50/4(a);

(b)    failing to plan the excavation or demolition to avoid or minimize interference with AT&T's underground facilities in and near the construction area, in violation of 220 ILCS 50/4(b);

(c)    failing to provide notice not more than 14 days nor less than 48 hours in advance of the start of the excavation or demolition to AT&T as owner of the underground facilities, in violation of 220 ILCS 50/4 (c);

(d)    failing to provide, during and following excavation or demolition such support for AT&T's existing underground facilities in and near the excavation or demolition areas as might have been reasonably necessary for the protection of such facilities, in violation of 220 ILCS 50/4(d);

(e)    failing to backfill all excavation in such a manner and with such materials as may have been reasonably necessary for the protection of AT&T's existing underground facilities in and near the excavation or demolition area, in violation of 220 ILCS 50/4(e);

(f)    carelessly and negligently failing to ascertain from available records and information the location of AT&T's underground facilities;

(g)    carelessly and negligently ignoring the probability that underground facilities would be damaged by the excavation or demolition when Defendants knew or, in the exercise of reasonable care, should have known that there were underground facilities in the vicinity;

(h)    carelessly and negligently failing to keep Defendants excavating and earth moving equipment under control so as to avoid striking AT&T's underground facilities;

(i)    carelessly and negligently failing to keep a proper lookout while operating excavating equipment so as to avoid striking AT&T's underground facilities;

(j)    carelessly and negligently failing to request AT&T to mark the location of its underground facilities even though AT&T was at all times ready and willing to do so;

(k)    carelessly and negligently disregarding markings and/or other above ground indications of the location of AT&T's underground facilities;

(l)    carelessly and negligently failing to supervise and control Defendants

-12-

employees or contractors so as to avoid striking AT&T's underground facilities;

(m) carelessly and negligently failing to provide any support for AT&T's underground facilities after they were uncovered;

(n) violating the provisions of the Occupational Safety and Health Act regulations applicable to construction, 29 C.F.R. 1926.651(b), which provides:

Underground installations. (1) The estimated location of utility installations, such as sewer, telephone, fuel, electric, water lines, or any other underground installations that reasonably may be expected to be encountered during excavation work, shall be determined prior to opening an excavation. (2) Utility companies or owners shall be contacted within established or customary local response times, advised of the proposed work, and asked to establish the location of the utility underground installations prior to the start of actual excavation. When utility companies or owners cannot respond to a request to locate underground utility installations within 24 hours (unless a longer period is required by state or local law), or cannot establish the exact location of these installations, the employer may proceed, provided the employer does so with caution, and provided detection equipment or other acceptable means to locate utility installations are used. (3) When excavation operations approach the estimated location of underground installations, the exact location of the installations shall be determined by safe and acceptable means. (4) While the excavation is open, underground installations shall be protected, supported or removed as necessary to safeguard employees.

(o) being otherwise careless and negligent.

44. As a direct and proximate result of one or more of the acts or omissions alleged in Paragraph 43 (a) through (o), Defendant damaged AT&T's underground facilities.

45. Defendant was *prima facie* negligent to the extent that some or all of its acts or omissions violated the Illinois Underground Utility Facility Damage Prevention Act, 220 ILCS 50/1 *et seq.*

46. AT&T was required to repair and did repair the damaged underground facilities in order to restore them to a useable condition.

47. AT&T was damaged in the amount of $16,277.96.

48.    Despite demand, Defendant has failed to pay the amount of $16,277.96 for damaging AT&T's underground facilities.

**WHEREFORE,** Plaintiff, Illinois Bell Telephone Company, d/b/a AT&T Illinois prays for judgment in its favor and against the Defendant Henkels & McCoy, Inc. in the sum of Sixteen Thousand, Two Hundred Seventy-Seven Dollars and Ninety-Six Cents ($16,277.96) plus the costs of this suit, and for such other and further relief as the Court deems necessary and just.

<u>**COUNT V - Damage Prevention Act**</u>

49.    AT&T is now, and at all time hereinafter referred to was, a telecommunications carrier as defined in Illinois Complied Statutes, 220 ILCS 5/13-202 (2000), duly organized and existing under the laws of the State of Illinois and doing business in Will County and elsewhere in the State of Illinois.

50.    The Defendant is a Pennsylvania corporation doing business in Will County, Illinois and in other surrounding counties.

51.    AT&T owned underground telephone cables and conduit at or near the Northwest Corner of 159th Street and LaGrange Avenue, Orland Park, Illinois (hereinafter referred to as "Location V").

52.    On or about March 20, 2007, Plaintiff discovered that the Defendant caused certain excavation and other related activities to be done at Location V.

53.    At all relevant times, there was a statute in full force and effect commonly known as the Illinois Underground Utility Facilities Damage Prevention Act. 220 ILCS 50/1 *et seq.* (2000).

54.    At all times relevant hereto, it was the duty of the Defendant to use ordinary care for the safety of AT&T's property and to comply with all relevant statutes.

55.    Notwithstanding the aforesaid duties, the Defendant individually, or through

authorized employees or agents acting within the scope of their employment, or through the hiring of contractors, were guilty of one or more of the following acts or omissions:

(a) failing to inform itself of the location of AT&T's underground facilities in and near the area of excavation or demolition, in violation of 220 ILCS 50/4(a);

(b) failing to plan the excavation or demolition to avoid or minimize interference with AT&T's underground facilities in and near the construction area, in violation of 220 ILCS 50/4(b);

(c) failing to provide notice not more than 14 days nor less than 48 hours in advance of the start of the excavation or demolition to AT&T as owner of the underground facilities, in violation of 220 ILCS 50/4 (c);

(d) failing to provide, during and following excavation or demolition such support for AT&T's existing underground facilities in and near the excavation or demolition areas as might have been reasonably necessary for the protection of such facilities, in violation of 220 ILCS 50/4(d);

(e) failing to backfill all excavation in such a manner and with such materials as may have been reasonably necessary for the protection of AT&T's existing underground facilities in and near the excavation or demolition area, in violation of 220 ILCS 50/4(e);

(f) carelessly and negligently failing to ascertain from available records and information the location of AT&T's underground facilities;

(g) carelessly and negligently ignoring the probability that underground facilities would be damaged by the excavation or demolition when Defendants knew or, in the exercise of reasonable care, should have known that there were underground facilities in the vicinity;

(h) carelessly and negligently failing to keep Defendants excavating and earth moving equipment under control so as to avoid striking AT&T's underground facilities;

(i) carelessly and negligently failing to keep a proper lookout while operating excavating equipment so as to avoid striking AT&T's underground facilities;

(j) carelessly and negligently failing to request AT&T to mark the location of its underground facilities even though AT&T was at all times ready and willing to do so;

-15-

(k)    carelessly and negligently disregarding markings and/or other above ground indications of the location of AT&T's underground facilities;

(l)    carelessly and negligently failing to supervise and control Defendants employees or contractors so as to avoid striking AT&T's underground facilities;

(m)    carelessly and negligently failing to provide any support for AT&T's underground facilities after they were uncovered;

(n)    violating the provisions of the Occupational Safety and Health Act regulations applicable to construction, 29 C.F.R. 1926.651(b), which provides:

Underground installations. (1) The estimated location of utility installations, such as sewer, telephone, fuel, electric, water lines, or any other underground installations that reasonably may be expected to be encountered during excavation work, shall be determined prior to opening an excavation. (2) Utility companies or owners shall be contacted within established or customary local response times, advised of the proposed work, and asked to establish the location of the utility underground installations prior to the start of actual excavation. When utility companies or owners cannot respond to a request to locate underground utility installations within 24 hours (unless a longer period is required by state or local law), or cannot establish the exact location of these installations, the employer may proceed, provided the employer does so with caution, and provided detection equipment or other acceptable means to locate utility installations are used. (3) When excavation operations approach the estimated location of underground installations, the exact location of the installations shall be determined by safe and acceptable means. (4) While the excavation is open, underground installations shall be protected, supported or removed as necessary to safeguard employees.

(o)    being otherwise careless and negligent.

56.    As a direct and proximate result of one or more of the acts or omissions alleged in Paragraph 55 (a) through (o), Defendant damaged AT&T's underground facilities.

57.    Defendant was *prima facie* negligent to the extent that some or all of its acts or omissions violated the Illinois Underground Utility Facility Damage Prevention Act, 220 ILCS 50/1 *et seq.*

-16-

58.    AT&T was required to repair and did repair the damaged underground facilities in order to restore them to a useable condition.

59.    AT&T was damaged in the amount of $106,662.62.

60.    Despite demand, Defendant has failed to pay the amount of $106,662.62 for damaging AT&T's underground facilities.

**WHEREFORE,** Plaintiff, Illinois Bell Telephone Company, d/b/a AT&T Illinois prays for judgment in its favor and against the Defendant Henkels & McCoy, Inc. in the sum of One Hundred Six Thousand, Six Hundred Sixty-Two Dollars and Sixty-Two Cents ($106,662.62) plus the costs of this suit, and for such other and further relief as the Court deems necessary and just.

ILLINOIS BELL TELEPHONE COMPANY,
D/B/A AT&T ILLINOIS

By: _____
    One of its Attorneys

Quentin C. Burrows
Burrows Law Offices, P.C.
2364 Plainfield Road, Suite D
Crest Hill, Illinois, 60403
(815) 744-5050
(815) 744-7475 (facsimile)
ARDC # 6242618

## IN THE CIRCUIT COURT OF TWELFTH JUDICIAL DISTRICT
## WILL COUNTY, ILLINOIS

ILLINOIS BELL TELEPHONE COMPANY )
d/b/a AT&T ILLINOIS, an Illinois )
corporation, )
                    **Plaintiff,** )
                     )
HENKELS & McCOY, INC., )
                     )
                    **Defendant.** )

### RULE 222 ATTORNEYS AFFIDAVIT

I, Quentin C. Burrows, of the law firm of Burrows Law Offices, P.C., being first duly sworn

on oath, deposes and states as follows:

    1.    Quentin C. Burrows is Plaintiff's attorney in this case and is familiar with the facts and

damages involved in this case.

    2.    The total of money damages sought in this case does exceed $50,000.00.

Further, Affiant Sayeth Naught.

                    BY: _____
                                   Quentin C. Burrows

Quentin C. Burrows
Burrows Law Offices, P.C.
2364 Plainfield Road, Suite D
Crest Hill, Illinois, 60403
(815) 744-5050
(815) 744-7475 (facsimile)
ARDC # 6242618

-18-